**BENJAMIN ROSE INSTITUTE, Petitioner,**

v.

**DISTRICT UNEMPLOYMENT COMPENSATION BOARD, Respondent.**

No. 8931.

District of Columbia Court of Appeals.

Submitted March 26, 1975.

Decided May 14, 1975.

Rehearing Denied June 30, 1975.

William F. Taylor, Washington, D. C., was on the brief for petitioner. Robert D. Papkin, Washington, D. C., entered an appearance for petitioner.

George A. Ross and Russell L. Carter, Washington, D. C., were on the brief for respondent.

Before KELLY, GALLAGHER and HARRIS, Associate Judges.

KELLY, Associate Judge:

Petitioner seeks review of a District Unemployment Compensation Board (DUCB) decision which qualifies the claimant, Valdon Walker, Jr., for unemployment benefits by combining his military service with his later private employment by petitioner in Cleveland, Ohio. It appears from the record that Walker entered the army in 1971 and upon completion of his duty began working for petitioner in January 1973. He voluntarily left work in June 1973 to attend graduate school. In February 1974 he left school and applied to the DUCB for unemployment compensation.

Initially it was determined that Walker was eligible for $22 per week in benefits computed solely on his military service. However, he also filed a claim for increased benefits under the Interstate Arrangement for Combining Employment and Wages[1] (hereinafter interstate arrangement). The interstate arrangement allows an unemployed individual who has wages and employment in more than one state to combine such wages and employment in order to either qualify for benefits or, after qualification, to increase his benefits.

After combining Walker's military wages and employment with his Ohio wages and employment, the DUCB increased his benefits from $22 to $80 per week. Petitioner then notified the DUCB that it was appealing from this

---

1. 20 C.F.R. § 616 et seq. (1974).

determination.[2] Pursuant to that appeal two hearings were held, the first in Ohio and the second in Washington, D. C. At the Ohio hearing the sole witness was petitioner's representative who testified that under Ohio law Walker was disqualified for benefits because he had quit work voluntarily and without good cause.[3] After the hearing the referee simply forwarded the hearing transcript to the DUCB.

Next, a DUCB appeals examiner conducted a hearing at which petitioner was represented by counsel and claimant testified.[4] At the conclusion of the hearing, the examiner ruled that under the interstate arrangement the correct procedure for determining Walker's total benefits was to apply District of Columbia law to both his military service and his Ohio employment. By such application he concluded that Walker had left his Ohio employment with "good cause" as that term is interpreted under District law. To support his conclusion, the examiner noted that petitioner had hired Walker knowing that he intended to work only until he returned to school, consequently any leaving would be with "good cause" under the laws of either jurisdiction. Finally he ruled that Ohio by participating in the interstate arrangement had agreed that District law would apply to any dispute over a claimant's separation from work in Ohio. The DUCB adopted and affirmed as its final decision the appeals examiner's findings of fact and conclusions of law.

Petitioner contends that although D.C. Code 1973, § 46–316(c),[5] authorized the DUCB to enter into interstate arrangements, it is inapplicable here. He emphasizes the portion of the statute which reads:

(c) The Board shall participate in any arrangements for the payment of compensation on the basis of combining *an individual's wages and employment covered under this chapter* with his wages and employment covered under the unemployment-compensation laws of other States . . . (Petitioner's emphasis.)

Petitioner argues that Walker has no wages and employment covered by title 46 and consequently neither § 46–316(c) nor any arrangement entered pursuant to it is

2. 18 D.C.Rules and Regulations § 3.1 APPEAL OF CLAIM DETERMINATION.
Any claimant, his most recent employer and any of his base period employers may appeal to the Board from the determination of any agent of the Board with respect to the payments of benefits to such claimant provided the appeal is filed within ten days after notification thereof or after the date such notification was mailed to his last known address. . . .

3. Ohio Rev.Code Ann. § 4141.29 (1973) reads in pertinent part:
(D) Notwithstanding division (A) of this section, no individual may . . . be paid benefits under the following conditions:
\* \* \* \* \*
(2) For the duration of his unemployment if the administrator finds that:
(a) He quit his work without just cause or has been discharged for just cause in connection with his work. . . .

4. In reviewing this appeal it was discovered that a transcript of the District of Columbia proceeding had not been certified by the Board as part of the record on appeal and it was necessary to request the Board to supplement the record with the hearing transcript. Moreover, certain exhibits accepted as part of the Ohio record to be transmitted to the Washington, D.C. authorities are not contained in the record. We trust that this problem will not recur and that in the future the Board will certify the complete record of the administrative proceedings on appeal.

5. D.C.Code 1973, § 46–316(c) states:
The Board shall participate in any arrangements for the payment of compensation on the basis of combining an individual's wages and employment covered under this chapter with his wages and employment covered under the unemployment-compensation laws of other States which are approved by the Secretary of Labor in consultation with the State unemployment-compensation agencies as reasonably calculated to assure the prompt and full payment of compensation in such situations and which include provisions for (1) applying the base period of a single State law to a claim involving the combining of an individual's wages and employment covered under two or more State unemployment-compensation laws, and (2) avoiding the duplicate use of wages and employment by reason of such combining.

applicable to this case. Petitioner concedes that 5 U.S.C. § 8521 et seq. (1970) qualified Walker for benefits in the District of Columbia based solely on his military service; however, he cites D.C.Code 1973, § 46–301(b)(5)(D), which excludes from the definition of employment as used in title 46 "service performed in the employ of the United States Government". Since Walker's military wages are simply "assigned"[6] to the District of Columbia, petitioner concludes they are not earned under title 46. Therefore, the applicable code subsection is not § 46–316(c) but rather § 46–316(b) which speaks of potential benefits earned under the unemployment laws of other states.

We agree that Walker's right to benefits based on his employment with petitioner must be determined under Ohio law. However, we reach this conclusion not by reliance on petitioner's statutory analysis but rather by a more complete application of the interstate arrangement entered into under § 46–316(c). Although petitioner correctly cites the pertinent sections of the D.C.Code, his emphasis on the exclusion in § 46–301(b)(5)(D) is misplaced because he overlooks § 46–301(b)(7) which provides:

> Notwithstanding any of the provisions of subsection (b)(5), services shall be deemed to be in employment if with respect to such services a tax is required . . . or which as a condition for full tax credit against the tax imposed by the Federal Unemployment Tax Act (26 U.S.C. 3301–3311) is required to be covered under this chapter.

Under 26 U.S.C. § 3301 (Supp. III, 1973) a federal unemployment tax is imposed on employers. However, § 3302(a)(1) provides:

> The taxpayer may, to the extent provided in this subsection and subsection

(c), credit against the tax imposed by section 3301 the amount of contributions paid by him into an unemployment fund maintained during the taxable year under the unemployment compensation law of a State which is certified as provided in section 3304. . . .[7]

Thus if a state unemployment law is certified by the Secretary of Labor the employers in that state receive a tax credit. A state law, to be certified, must meet certain requirements listed in § 3304. Pertinent to this case is subsection (a)(9)(B) which requires:

> [T]he State shall participate in any arrangements for the payment of compensation on the basis of combining an individual's wages and employment covered under the State law with his wages and employment covered under the unemployment compensation law of other States which are approved by the Secretary of Labor in consultation with the State unemployment compensation agencies as reasonably calculated to assure the prompt and full payment of compensation in such situations. . . .

Since there is no doubt that Walker's military service qualifies him for benefits in the District of Columbia and that to qualify for a tax credit the District must have an interstate arrangement for combining wages and employment, we examine the actual agreements among the District of Columbia, Ohio and the Secretary of Labor.

The District, pursuant to 5 U.S.C. § 8501 et seq. (1970), has entered into an agreement with the Secretary of Labor to pay unemployment compensation to exservicemen (UCX).[8] The subsection of importance, here, provides that:

> The Interstate Benefit Payment Plan and the Interstate Arrangement for

---

6. 5 U.S.C. § 8522 (1970).

7. 26 U.S.C. § 3306 (1970). Definitions.
   (j) State, United States, and citizen.
   For purposes of this chapter—

   (1) State.
   The term "State" includes the District of Columbia . . . .

8. 20 C.F.R. § 614 et seq. (1974).

Combining Employment and Wages (Part 616 of this chapter) shall apply, where appropriate, to individuals filing claims under the UCX program. For these purposes Federal military service and wages shall be considered employment and wages under the unemployment compensation law of the State to which they are assigned or reassigned.[9]

Therefore by reading the D.C.Code, the U.S.Code and the Code of Federal Regulations together, we conclude that, notwithstanding the apparent exclusion under D.C.Code 1973, § 46–301(b)(5)(D), Walker's military service is employment under the interstate arrangement entered into by the District pursuant to § 46–316(c).

We next review the DUCB's application of the interstate arrangement to Walker's claim in order to determine whether Ohio or District of Columbia law determines Walker's eligibility for benefits based on his employment with petitioner. The DUCB contends that the interstate arrangement gives the District of Columbia exclusive jurisdiction to determine Walker's eligibility based upon employment in Ohio and to interpret Ohio law in that process. For this power it relies on 20 C.F.R. § 616.8 (1974):

(a) Transfer of employment and wages—payment of benefits. The paying State shall request the transfer of a Combined-Wage Claimant's employment and wages in all States during its base period, and shall determine his entitlement to benefits (including additional benefits, extended benefits and dependents' allowances when applicable) under the provisions of its law based on employment and wages in the paying State, if any, and all such employment and wages transferred to it hereunder. The paying State shall apply all the provi-

sions of its law to each determination made hereunder . . . .[10]

Although this subsection is controlling if there is a disparity between the state base periods upon which benefits are to be determined, it is not the controlling subsection if the dispute concerns the amount of employment and wages subject to transfer. The controlling subsection is (d) which provides:

*Appeals.* (1) Except as provided in subparagraph (3) of this paragraph, where the claimant files his Combined-Wage Claim in the paying State, any protest, request for redetermination or appeal shall be in accordance with the law of such State.

(2) Where the claimant files his Combined-Wage Claim in a State other than the paying State, or under the circumstances described in subparagraph (3) of this paragraph, any protest, request for redetermination or appeal shall be in accordance with the Interstate Benefit Payment Plan.

(3) To the extent that any protest, request for redetermination or appeal involves a dispute as to the coverage of the employing unit or services in a transferring State, or otherwise involves the amount of employment and wages subject to transfer, the protest, request for redetermination or appeal shall be decided by the transferring State in accordance with its law.

Since the District of Columbia is the paying state and Ohio is the transferring state, it is for Ohio to determine according to its law whether Walker's employment is subject to transfer to the District. We therefore set aside the DUCB's decision and remand for further proceedings in accordance with this opinion.[11]

So ordered.

9. *Id.* § 614.13. Interstate Plans.

10. For purposes of interpretation, District of Columbia is the paying state and Ohio is the

transferring state. *See* 20 C.F.R. § 616.6 Definitions (e) and (f).

11. D.C.Code 1973, § 1–1510.