**BENJAMIN ROSE INSTITUTE,**
Petitioner,

v.

**DISTRICT UNEMPLOYMENT COMPEN-
SATION BOARD,** Respondent.

No. 10130.

District of Columbia Court of Appeals.

Submitted Feb. 18, 1976.

Decided April 14, 1976.

---

William F. Taylor, Washington, D. C., was on the brief for petitioner. Robert D. Papkin, Washington, D. C., also entered an appearance for petitioner.

George A. Ross, Robert J. Hallock and Bill L. Smith, Washington, D. C., were on the brief for respondent.

Before KELLY, GALLAGHER and HARRIS, Associate Judges.

KELLY, Associate Judge:

This case in which petitioner contests the amount of unemployment benefits awarded to Valdon Walker, Jr., a former employee of petitioner, is before this court for the second time. On an earlier appeal,[1] we set aside a District Unemployment Compensation Board (DUCB) decision allowing Walker's benefits to be computed by combining his prior military service with his later employment by petitioner in Ohio. There was not then and there is not now a dispute that Walker's military service qualified him for benefits in the District. Our remand was for a determination of whether his Ohio employment qualified him for unemployment benefits in that state and consequently whether there existed any covered employment which could be transferred to the District and combined with

his military service.[2] It was specifically based upon the Interstate Arrangement for Combining Employment and Wages, 20 C. F.R. § 616.8(d)(3)(1974), which states:

> To the extent that any protest, request for redetermination or appeal involves a dispute as to the coverage of the employing unit or services in a transferring State [Ohio], or otherwise involves the amount of employment and wages subject to transfer, the protest, request for redetermination or appeal shall be decided by the transferring State [Ohio] in accordance with its law.

Upon remand, the DUCB propounded by letter to the Ohio Bureau of Employment Services the following questions: (1) Were Walker's wages correctly transferred? (2) Did petitioner object to the transfer? (3) Could petitioner appeal the transfer under Ohio law? (4) Does Ohio have the authority under its laws to determine Walker's eligibility to receive benefits in the District? Ohio replied that Walker's wages had been correctly transferred on the proper form; that petitioner had no right under Ohio law to either object to or appeal from the transfer of wages; and that Walker's eligibility for combined benefits was purely a matter of District law. After this reply, another hearing was held at which the sole witness was a representative of the petitioner. Thereafter the DUCB issued a decision which again upheld the increased benefits to Walker and which stated that the wages had been correctly transferred; that District law controlled Walker's eligibility; and that under District law his reason for leaving petitioner's employment was not disqualifying.[3] This is the identical rationale which we rejected on the previous appeal.

Petitioner contends that the DUCB failed to comply with our remand order by

---

1. *Benjamin Rose Institute v. District Unemp. Comp. Bd.*, D.C.App., 338 A.2d 104 (1975).

2. The DUCB both in its earlier decision and in the decision appealed from here permitted such combining which resulted in an increase

of Walker's benefits from $22 to $80 per week.

3. D.C.Code 1973, § 46-310(a) disqualifies a claimant if he has "left his most recent work voluntarily without good cause . . . ."

failing to apply Ohio law to Walker's employment with petitioner. On this issue we note that DUCB's questions to Ohio were both imprecise and irrelevant. There is no dispute that a combined wage form was sent to Ohio and that Ohio dutifully completed and returned it to the DUCB. However, no question was directed to whether Walker's reason for quitting petitioner's employ would disqualify him from benefits in Ohio. The remaining questions concerning petitioner's right to object or appeal under Ohio law are irrelevant as the DUCB, pursuant to D.C.Code 1973, § 46-313(b), has promulgated regulations which give petitioner the right to appeal here in the District.[4]

Despite the lack of precision and relevancy in the questions asked, the Ohio response nonetheless stated:

Under the provisions of the Ohio law a separation under the conditions as they appear to be in this case would generally be considered a quit without just cause and would disqualify the individual from employment benefits for the duration of his unemployment following such a separation.

The DUCB's decision was based solely upon Ohio's answers to the questions asked and simply ignored the statement concerning Walker's disqualification under Ohio law. This statement adequately apprised the DUCB of Ohio law, however, and thus it is clear that Walker does not qualify for a combined wage claim in the District. Since we previously held that Ohio law on this point is controlling, we reverse the decision of the District Unemployment Compensation Board awarding Walker increased benefits based upon a combined wage claim.

*So ordered.*

---

4. 18 D.C. Rules and Regulations § 3.1 provides:

APPEAL OF CLAIM DETERMINATION. Any claimant, his most recent employer and any of his base period employers may appeal to the Board from the determination of any agent of the Board with respect to the payments of benefits to such claimant provided the appeal is filed within ten days after notification thereof or after the date such notification was mailed to his last known address. . . .